Break N Eat Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 11, 1980, before Judges WILKINSON, JR., WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Susan H. Wilkie, Feldstein, Grinberg, Stein & McKee,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., June 11, 1981:

This is an appeal by Break N Eat Corporation (employer) from a decision of the Unemployment Compensation Board of Review (Board), granting benefits to William Wiest after further consideration of the augmented record.

The claimant was last employed by Break N Eat for eight months as a full-time salesman; his last day of work was April 26, 1976. On that day, he was beaten by a management official and suffered three broken ribs, some loose teeth and other injuries. Claimant collected workmen's compensation benefits for those injuries until December 20, 1976. Although claimant's job was kept open for him until February 22, 1977, he never returned to his employment. Claimant's subsequent application for unemployment benefits was initially denied by both the Bureau of Employment Security and the referee after a hearing at which claimant appeared without legal counsel. The

denial of benefits to claimant was based on the provisions of Section 402(b)(1) of the Unemployment Compensation Law (Act)[1] following a determination by the referee that the claimant brought about his unemployment by making no reasonable effort to notify the employer as to when claimant expected to be able to resume work. However claimant's appeal to the Board of Review resulted in a remand hearing and a subsequent reversal of the referee's decision. A further appeal by the employer and a second remand hearing pursuant to an order of this Court resulted in the final decision and order of the Board of Review from which the instant appeal is taken.

Based on the testimony taken at that final remand hearing and upon consideration of the entire augmented record, the Board found that the claimant abandoned his employment because he had been beaten by a management official on his last day of work. The physical abuse of the claimant was the culmination of a verbal argument between the claimant and management officials concerning the claimant's work performance and his involvement with union activities. The Board further found that the claimant did not return to work because he feared for his health and safety.[2] On the basis of these facts, the Board concluded that the claimant had acted in a totally reasonable manner and cannot be denied benefits under Section 402(b)(1) of the Act since he had demonstrated a necessitous and compelling rea-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1). Under this section, a person is ineligible for compensation if his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

[2] It must be noted that Break N Eat is a family corporation; and the management official responsible for beating the claimant was one of the family members.

son for voluntarily terminating his employment. We agree.

The instant case presents a similar if not stronger example of "good cause" for leaving employment than the standards set forth in *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977).

In this case, claimant's fear and apprehension were emotional reactions caused by the severe beating imposed upon him his last day of work. Such fear and apprehension were, therefore, grounded in reality. We believe it is reasonable to conclude that the beating incident can be deemed to have provided the claimant with real, not imaginary, substantial, not trifling reasons which "compelled" his termination of employment. *Taylor, supra.* We note, moreover, that while it is true claimant did not give details about the physical abuse nor mention his fear of returning to work until the first remand hearing, there is nothing in the record that reflects any inconsistencies in his testimony at either of the hearings.

Finally, our review of the record reveals that the findings and conclusions of the Board and thus their final decision and order are supported by the substantial record evidence. Affirmed.

Judge PALLADINO dissents.

### ORDER

AND Now, the 11th day of June, 1981, the decision and order of the Unemployment Compensation Board of Review at Decision No. B-147159-D, granting benefits to William Wiest, is affirmed.

This Opinion is filed to correct technical errors in the Opinion of March 18, 1981, filed to the above docket number, and reflects no alteration in reasoning or result.